# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **MICHAEL EYER, JESSE SALINAS, ANGEL YANEZ,** *Plaintiffs* | **SA-17-CV-01212-JKP** |
| **-vs-** | |
| **FRANCISCO ROMAN RIVERA, SR., PANTHER II TRANSPORTATION, INC., D/B/A PANTHER EXPEDITED SERVICES, INC.; AND PRIME LOGISTICS INC.,** *Defendants* | |

## MEMORANDUM OPINION and ORDER GRANTING PANTHER II TRANSPORTATION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc.'s (hereinafter "Panther") Motion for Partial Summary Judgment. Panther seeks summary judgment on Plaintiffs' causes of action of negligent hiring, negligent training, negligent supervision, and negligent qualification. ECF. No. 50. Plaintiffs did not respond to the motion. After due consideration, the Court concludes the Motion shall be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of an automobile accident that occurred on September 7, 2017 in San Antonio, Texas. ECF. No. 12. Plaintiff Michael Eyer was driving an Isuzu NPR, and Plaintiffs Jesse Salinas and Angel Yanez were passengers in the vehicle. *Id*. Defendant Francisco Roman Rivera, Sr. was operating a Freightliner tractor when he collided with the rear end of the Isuzu. ECF. No. 50. At the time of the accident, Mr. Rivera was a Panther employee who, undisputedly, was acting in the course and scope of his employment. ECF. No. 50-1.

On October 2, 2017, Plaintiffs filed their "Original Petition" in the 288th Judicial District Court of Bexar County (a state civil trial court). ECF. No. 1. On November 29, 2017, Defendants Rivera and Panther removed this action to federal court based on diversity jurisdiction. ECF. No.12. Plaintiffs bring causes of action for ordinary negligence and negligence per se against Panther and Defendant Rivera, alleging Panther is vicariously liable for Rivera's conduct under the theory of respondeat superior. *Id*. Additionally, Plaintiffs bring independent causes of action against Panther for negligent hiring, negligent training, negligent supervision, and negligently qualifying Defendant Rivera as a commercial motor vehicle operator. *Id*.

Panther stipulates "at the time of the accident made the basis of this lawsuit on September 7, 2017, Defendant Francisco Roman Rivera, Sr. was acting in the course and scope of his employment for Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc." ECF. 50-1. Panther also stipulates "Mr. Rivera was in furtherance of business for Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc. at the time of the accident in question and Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc.is vicariously responsible for the acts and/or omissions, if any, of Mr. Rivera for the accident made the basis of this lawsuit." *Id*.

On July 29, 2019, Panther filed this motion seeking partial summary judgment on Plaintiffs' causes of action against Panther for negligent hiring, negligent training, negligent supervision, and negligently qualifying Defendant Rivera as a commercial motor vehicle operator.[1] ECF. No. 50.

---

[1] Panther does not move for summary judgment on Plaintiffs' negligence per se claims. Plaintiffs' negligence per se cause of action is the subject of a separate Motion to Dismiss for Failure to Properly Plead.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "As to materiality, the substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325).

In determining the merits of a motion summary judgment, a court must view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed.R.Civ.P. 56(c). Upon the shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. In other words, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## DISCUSSION

Panther moves for partial summary judgment regarding Plaintiffs' causes of action against Panther for negligent hiring, negligent training, negligent supervision, and negligently qualifying Defendant Rivera as a commercial motor vehicle operator. ECF. No. 50. Panther contends it is entitled to judgment as a matter of law because its stipulations that Defendant Rivera was acting within the course and scope of his employment with Panther, and his actions were in furtherance of Panther's business at the time of the accident render Plaintiffs' negligent hiring, training, supervision, and qualification claims superfluous. *Id*. Because the asserted causes of action against Rivera for which Panther may be vicariously liable are mutually exclusive from the direct claims against Panther for any negligent hiring, supervision, training, and retention or qualification of Rivera, Panther contends Plaintiff cannot pursue both. Plaintiffs did not file a response to Panther's Motion.

The common-law doctrine of respondeat superior holds one person (who is without fault) liable for the acts of another based solely on the relationship between them. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130-31 (Tex. 2018), *reh'g denied* (Dec. 14, 2018) (quoting *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002)). Vicarious liability imposes liability on an employer for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment." *Painter*, 561 S.W.3d at 131; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Conversely, direct causes of action asserting negligent hiring, negligent training, negligent supervision, and negligent qualification are based on the employer's own negligent conduct and not the employee's negligent conduct. *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009).

In cases involving ordinary negligence, direct causes of action which impose liability on an employer for its own negligence (*e.g.*, negligent hiring) and causes of action which impose liability on an employer for its employee's negligence (vicarious liability) are "mutually exclusive modes of recovery." *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). Therefore, in cases when a plaintiff pleads only ordinary negligence and an employer stipulates to vicarious liability, "the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant." *Williams v. McCollister*, 671 F. Supp.2d 884, 888 (S.D. Tex. 2009). Therefore, Plaintiffs may not advance ordinary negligence claims against an employer under both vicarious liability (respondeat superior) and direct liability (negligent hiring and negligent supervision) "where the derivative liability of the owner has already been established by an admission or

stipulation of agency or course and scope of employment." *Plascencia v. Hillman*, No. 19-CV-40, 2019 WL 4087439, at*4 (W.D. Tex. July 3, 2019).

In the present case, Plaintiffs' causes of action against Defendant Rivera and Panther are all based in ordinary negligence, not gross negligence and are supported by the same facts. ECF. No. 12. Panther stipulated Defendant Rivera was its employee and was acting in the course and scope of his employment at the time of the accident that forms the basis of this lawsuit. ECF. No. 50-51. Panther also stipulated it is vicariously liable for Defendant Rivera's acts and/or omissions, if any, regarding the subject automobile accident. *Id*. Therefore, Panther does not contest any potential vicarious liability should a trier of fact find Defendant Rivera was negligent.

Because Plaintiffs plead only ordinary negligence, and Panther does not contest vicarious liability, Plaintiffs' cause of action based upon vicarious liability is mutually exclusive of their causes of action based on Panther's own negligence in hiring, failing to properly train, or negligently supervising or negligently qualifying Rivera. *See Williams*, 671 F. Supp.2d at 888.

Because Plaintiffs cannot pursue both theories of recovery, Panther is entitled to summary judgment on Plaintiffs' negligent hiring, negligent training, negligent supervision, and negligent qualification claims against Panther. *See id*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc.'s Motion for Partial Summary Judgment on Plaintiffs' negligent hiring, negligent training, negligent supervision, and negligent qualification claims.

It is so ORDERED.

SIGNED this 25th day of October, 2019.

                                                                                                *[signature: Jason Pulliam]*

                                                   JASON PULLIAM  
                                                   UNITED STATES DISTRICT JUDGE