**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MICHAEL EYER, JESSE SALINAS, ANGEL YANEZ,**
      *Plaintiffs*

**-vs-**

**FRANCISCO ROMAN RIVERA, SR.,**
**PANTHER II TRANSPORTATION, INC.,**
**D/B/A PANTHER EXPEDITED SERVICES,**
**INC.; AND  PRIME LOGISTICS INC.,**
      *Defendants*

**SA-17-CV-01212-JKP**

**ORDER GRANTING PRIME LOGISTICS, INC.'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Prime Logistics, Inc.'s [hereinafter "Prime"] Motion for Partial Summary Judgment on Plaintiffs' causes of action of vicarious liability, negligent hiring, negligent training, negligent supervision, negligent qualification, and negligent entrustment against Prime (ECF No. 51).  Plaintiffs did not file a response. After due consideration, the Court concludes the Motion shall be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

This dispute arises out of an automobile accident that occurred on September 7, 2017, in San Antonio, Texas. ECF No. 12. Plaintiff Michael Eyer was driving an Isuzu NPR, and Plaintiffs Jesse Salinas and Angel Yanez were passengers in the vehicle. *Id*. Defendant Francisco Roman Rivera, Sr. ("Defendant Rivera") was operating a Freightliner tractor when he collided with the rear end of the Isuzu. ECF No. 50.

After removal to federal court, Plaintiffs filed their First Amended Complaint, in which they allege causes of action for ordinary negligence and negligence per se. ECF No.12. Plaintiffs

allege Prime is responsible for Rivera's conduct based upon the respondeat theory of vicarious liability. *Id*. Additionally, Plaintiffs bring independent causes of action against Prime for negligent hiring, negligent training, negligent supervision, negligently qualifying Defendant Rivera as a commercial motor vehicle operator, and negligent entrustment. *Id*.

Prime filed this motion seeking partial summary judgment on Plaintiffs' causes of action for vicarious liability, negligent hiring, negligent training, negligent supervision, negligently qualifying Defendant Rivera as a commercial motor vehicle operator, and negligent entrustment.[1] ECF No. 51.

## STANDARD OF REVIEW

To be entitled to summary judgment, the movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] "As to materiality, the substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id*. Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting

---

[1] Plaintiffs' negligence per se cause of action is the subject of a separate Motion to Dismiss for Failure to Properly Plead.

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 33326, 335 (5th Cir. 2017)(Kroger satisfied its summary judgment burden by asserting Austin had no evidence of causation, which was a specific element of the negligence cause of action). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by alleging the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).  If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In determining whether to grant summary judgment, a court must view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). However, a court has "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*,

670 F.3d 644, 651 (5th Cir. 2012).

## DISCUSSION

Prime moves for partial summary judgment on Plaintiffs' vicarious liability cause of action and Plaintiffs' independent causes of action for negligent hiring, negligent training, negligent supervision, negligently qualifying Defendant Rivera as a commercial motor vehicle operator and negligent entrustment. ECF No. 51. Prime contends it is entitled to judgment as a matter of law because Plaintiffs cannot produce admissible evidence to support specific elements of the asserted causes of action. *Id*. Plaintiffs did not file a response to Prime's motion.[3] Accordingly, Prime may satisfy its summary judgment burden by "pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, 2019 WL 2929616, at *2; *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d at 335.

The Court will address each of Prime's challenges to each cause of action independently to determine whether it met its summary judgment burden.

## **Vicarious Liability**

Plaintiffs allege Prime is vicariously liable for Defendant Rivera's negligence under the theory of respondeat superior. ECF No. 12.

An employer may be held vicariously liable for the torts of an employee acting within the course and scope of employment under the theory of respondeat superior. *Baptist Mem'l Hosp. v. Sampson*, 969 S.W.2d 945,947 (Tex. 1998). Accordingly, the essential elements of respondeat

---

3 "A federal court may not grant a summary judgment by default where no response has been filed." *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985)). Therefore, this Court will review Prime's summary judgment motion to determine whether Prime satisfied its summary judgment burden and thereby shifted the burden to Plaintiffs. *See Kroger,* 864 F. 3d at 335.

superior are: (1) the Plaintiff was injured as a result of a tort; (2) the tortfeasor was an employee

of the Defendant; and (3) the tortfeasor was acting within the course and scope of employment.

*See id.*; *see also Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

In its motion, Prime contends Plaintiffs have no evidence Rivera was its employee, and

therefore, have no evidence Rivera was acting within the course and scope of employment for

Prime or that Prime held the right to control Rivera's operation of the Freightliner tractor.[4] In so

doing, Prime alleged the absence of facts supporting each specific element of Plaintiffs'

vicarious-liability cause of action. *See Austin v. Kroger*, 864 F. 3d at 334.

Viewing the record as a whole and in the light most favorable to Plaintiffs, the Court

concludes evidence does exist showing Rivera was not Prime's employee, but instead was an

employee of Defendant Panther II Transportation. Panther II Transportation filed a Stipulation

ECF No. 49, in which it stipulates and voluntarily consents that Rivera was its employee at the

time of the accident and was acting within the course and scope of his employment with Panther

II Transportation.

Therefore, Prime asserted enough to shift the summary-judgment burden to Plaintiffs to

present competent summary judgment evidence showing the existence of a genuine dispute

whether Rivera was Prime's employee at the time of the accident. *See Matsushita*, 475 U.S. at

586-87. Because Plaintiffs did not respond to Prime's motion and did not present evidence to

raise a genuine dispute whether Rivera was Prime's employee, they did not satisfy their

summary-judgment burden, and Prime is entitled to summary judgment on Plaintiffs' vicarious

---

4 As evidence to support its contention that Plaintiffs cannot show Rivera was a Prime employee, Prime attached a portion of Rivera's deposition to its motion. In this excerpt, Rivera asserts he was an independent contractor with Prime. ECF No. 51-1. The deposition excerpt presented contains an unsubstantiated conclusory statement by Rivera, and therefore, is not competent summary judgment evidence. *See Abbott v. Equity Grp., Inc.,* 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence." (citing *Celotex, 477* U.S. at 324)).

liability cause of action based on the common law doctrine of respondeat superior.

**Negligent Hiring, Training, Supervision, and Qualification**

Plaintiffs allege Prime had a duty, and breached its duty, to exercise ordinary care to hire, train, supervise, and qualify Rivera regarding his operation of the subject Freightliner tractor. ECF No. 12.

In its motion, Prime contends Plaintiffs have no evidence to support their contentions Prime owed a legal duty and breached any legal duty owed to them to hire, train, supervise, and qualify Defendant Rivera. ECF. No. 51. Prime also asserts Plaintiffs have no evidence to support their contention Prime proximately caused the subject accident and Plaintiffs' injuries. *Id*. In so doing, Prime alleged the absence of facts supporting each specific element of Plaintiffs' independent negligence causes of action. *See Austin v. Kroger*, 864 F. 3d at 334.

Viewing the record as a whole and in the light most favorable to Plaintiffs, the Court concludes evidence does exist showing Prime did not owe Plaintiffs a legal duty or breached any legal duty owed to them to hire, train, supervise, and qualify Rivera. Defendant Panther II Transportation's filed Stipulation, in which it stipulates and voluntarily consents that Rivera was its employee at the time of the accident and was acting within the course and scope of his employment with Panther II Transportation, shows Rivera was not Prime's employee, but instead was an employee of Defendant Panther II Transportation. ECF No. 49. This Stipulation is sufficient to show Prime did not owe Plaintiffs a legal duty regarding any hiring, training, supervision or qualification of Rivera, as Rivera was not Prime's employee. Therefore, Prime asserted enough to shift the summary-judgment burden to Plaintiffs to present competent summary judgment evidence showing the existence of a genuine dispute whether Prime owed Plaintiffs a legal duty regarding Rivera's hiring, training, supervision or qualification. *See*

*Matsushita*, 475 U.S. at 586-87.

Plaintiffs did not file a response and did not present evidence on any ground alleged in Prime's motion. Therefore, Plaintiffs did not satisfy their summary-judgment burden of proof, and Prime is entitled to summary judgment on Plaintiff's causes of action for negligent hiring, training, supervision, and qualification.

## Negligent Entrustment

Plaintiffs allege Prime owned and permitted Defendant to operate the truck involved in the accident. ECF No. 12. Plaintiffs also allege Rivera was an incompetent and unfit driver when Prime allowed him to operate its truck. *Id*. Plaintiffs allege Prime had a duty to ensure Rivera was competent and fit to drive. *Id*. Plaintiffs also allege Prime breached its duty because it knew or should have known Rivera was an incompetent and unfit driver and would create an unreasonable risk of harm to persons or property on the public roads of this state. *Id*.

Prime, in its motion, asserts Rivera is not its employee and Plaintiffs can produce no evidence that: (1) Prime owned or entrusted the subject vehicle to Defendant Rivera; (2) Defendant Rivera was an unlicensed, incompetent, or reckless driver; and/or (3) Prime knew or should have known Defendant Rivera was an unfit, incompetent, or reckless driver at the time of the entrustment. ECF No. 51.

Prime satisfied its summary judgment burden by specifically identifying the elements of Plaintiffs' negligent entrustment cause of action which are not supported by evidence. Viewing the record as a whole and in the light most favorable to Plaintiffs, the Court concludes Prime sufficiently alleged no evidence exists that it entrusted the subject Freightliner tractor to Rivera. Evidence does exist showing Rivera was not Prime's employee, but instead was an employee of Defendant Panther II Transportation. ECF No. 49. This Stipulation is sufficient to show Plaintiffs

can produce no evidence that: (1) Prime entrusted the subject vehicle to Defendant Rivera; (2) Defendant Rivera was an unlicensed, incompetent, or reckless driver; and/or (3) Prime knew or should have known Defendant Rivera was an unfit, incompetent, or reckless driver at the time of the entrustment. Therefore, Prime asserted enough to shift the summary-judgment burden to Plaintiffs to present competent summary judgment evidence showing the existence of a genuine dispute. *See Matsushita*, 475 U.S. at 586-87.

Plaintiffs did not file a response and did not present evidence on any ground alleged in Prime's motion. Therefore, Prime is entitled to summary judgment on Plaintiff's negligent entrustment cause of action.

Accordingly, Prime is entitled to summary judgment on Plaintiffs' respondeat superior theory of vicarious liability, negligent hiring, negligent training, negligent supervision, negligent qualification, and negligent entrustment causes of action against Prime.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Prime Logistics, Inc.'s Partial Motion for Summary Judgment on Plaintiffs' respondeat superior theory of vicarious liability, negligent hiring, negligent training, negligent supervision, negligent qualification, and negligent entrustment causes of action.

It is so ORDERED.
SIGNED this 25th day of October, 2019.


_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE