# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**MICHAEL EYER, JESSE SALINAS, ANGEL YANEZ,**
        *Plaintiffs*

**SA-17-CV-01212-JKP**

**-vs-**

**FRANCISCO ROMAN RIVERA, SR., PANTHER II TRANSPORTATION, INC., D/B/A PANTHER EXPEDITED SERVICES, INC.; AND PRIME LOGISTICS INC.,**
        *Defendants*

## ORDER ON DEFENDANTS' MOTION TO DISMISS
## FOR FAILURE TO PROPERLY PLEAD

Before the Court is Defendants', Panther II Transportation, Inc. d/b/a Panther Premium Logistics, Inc., Prime Logistics, Inc., and Francisco Roman Rivera, Sr. (hereinafter referred to as Defendants"), Motion to Dismiss for Failure to Properly Plead. After due consideration, the Court GRANTS this motion.

### FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of an automobile accident that occurred on September 7, 2017, in San Antonio, Texas. ECF No. 12. Plaintiff Michael Eyer was driving an Isuzu NPR, and Plaintiffs Jesse Salinas and Angel Yanez were passengers in the vehicle. *Id*. Defendant Francisco Roman Rivera, Sr. ("Defendant Rivera") was operating a Freightliner tractor when he collided with the rear end of the Isuzu. ECF No. 52.

After removal to federal court, Plaintiffs filed their First Amended Complaint on August 17, 2018, in which they allege:

Defendants breached their duties to Plaintiffs and acted in a manner that was

> negligent or negligent per se by engaging in wrongful conduct including, but not limited to: (a) failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances; (b) failing to control speed; (c) failing to pay proper attention; (d) failing to maintain a clear and reasonable distance between Defendant's vehicle and Plaintiff's vehicle; and (e) failing to control the subject vehicle so that a collision would not occur.

ECF No. 12. Plaintiffs also allege "each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs." *Id*.

Defendants filed this motion seeking dismissal of Plaintiffs' negligence per se cause of action. ECF No. 52. Although Defendants styled their motion as a motion to dismiss under Federal Rule of Civil Procedure 8, the Court will construe the motion as a request for relief under Rule 12(c).[1] The deadline to file all motions to amend or supplement pleadings was October 11, 2018. ECF Nos. 11, 35. Plaintiffs did respond to the motion and did not seek leave to amend their complaint.

## STANDARD OF REVIEW

"Rule 12(c) provides the proper authority for seeking judgment on the pleadings after the pleadings are closed." *Channel Source Inc. v. CTI Indus. Corp.*, No. 3:15-CV-0271-P, 2015 WL 13118198, at *1 (N.D. Tex. Oct. 26, 2015). Rule 12(c) states "after the pleadings are closed—but early enough not to delay the trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Johnson v. Johnson*,

---

1 Federal Rule of Civil Procedure 8 outlines the general rules and requirements of pleadings. *See* Fed. R. Civ. P. 8. "Rule 12(c) motions are characterized as motions for judgment on the pleadings, not motions to dismiss." *Reitz v. City of Abilene*, No 1:16-CV-0181-BL, 2017 WL 3046881, at *14 n. 6, (May 25, 2017). Motions that are generically labeled as motions to dismiss, generally refer to Rule 12(b)(6) motions. *Id*.

385 F. 3d 503, 528 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir 2002)). This Court will accept the facts asserted in Plaintiff's complaint as true and view them in the light most favorable to the Plaintiff. *Johnson*, 385 F.3d at 529. Dismissal under Rule 12(c) will be granted only when the Plaintiff would not be entitled to relief under any set of facts consistent with the complaint. *Id*. "Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F. 3d 196, 209 (5th Cir. 2009) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).

To withstand a Rule 12(b)(6) motion to dismiss, as applied in this context, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The contents of the pleading must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*.

## DISCUSSION

In their First Amended Complaint, Plaintiffs assert facts to support the asserted negligence causes of action, and then, in a conclusory fashion, allege Defendants committed negligence per se based upon the same facts.

Negligence per se occurs when the violation of a particular statute constitutes negligence as a matter of law. *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL

3745953, at *5 (S.D. Tex. July 13, 2016). In pleading negligence per se, the Plaintiff must cite a particular statute violated by the alleged conduct because "[w]ithout a citation to a statutory provision, the Court is unable to determine whether the facts alleged state a violation of any statute." *Id*. Therefore, a Plaintiff cannot plead a cause of action for negligence per se without an allegation that a specific statute was violated. *Id*.

Here, Plaintiffs did not identify any statute that Defendants violated in connection with the accident that forms the basis of this lawsuit. Because Plaintiffs did not cite to any specific statute violated by Defendants alleged conduct, they failed to state a claim of negligence per se and would not be entitled to relief under any set of facts consistent with the complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss for Failure to Properly Plead. Plaintiffs' negligence per se cause of action asserted against all Defendants is dismissed with prejudice.

IT is so ORDERED.

SIGNED this 25th day of October, 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE